JORDAN S. ALTURA (SBN: 209431)
jaltura@grsm.com
ADELLE GREENFIELD (SBN: 301514)
agreenfield@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, California 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
GEICO GENERAL INSURANCE COMPANY

ALAN FASSONAKI (SBN: 309147)
alan.fassonaki@yahoo.com
LAW OFFICES OF STEVEN B. SIMON
5550 TOPANGA CYN. BLVD., SUITE 200
WOODLAND HILLS, CA 91367-6496
P: (818) 592-0333

Attorneys for Plaintiff
DAMERON HOSPITAL ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMERON HOSPITAL ASSOCIATION, a California Non-Profit Association,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY, a Nebraska Corporation,<br><br>Defendant. | Case No. 2:24-cv-01379-DJC-AC<br><br>**[PROPOSED]**<br>**STIPULATED PROTECTIVE ORDER** |

- 1 -
**STIPULATED PROTECTIVE ORDER**

1. INTRODUCTION

1.1 PURPOSES AND LIMITATIONS

Disclosure and discovery in this action are likely to involve production of confidential, proprietary, commercially sensitive, personally identifiable information ("PII"), or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

Pursuant to Local Rule 141.1(c)(3), the parties believe that the Terms and Conditions set forth herein should be entered by a court order, as opposed to a private agreement between or among the parties, because the terms will pertain solely to the production and use of discovery in this action, will set forth procedures by which the parties can expeditiously resolve confidentiality or privilege-related disputes before the Court, and will govern potential discovery from third parties who would not otherwise be subject to a private agreement.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2 GOOD CAUSE STATEMENT

This action is likely to involve trade secrets and other valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among

other things, information regarding individuals subject to the standards for Privacy of Individually Identifiable Health Information promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), or other similar statutory or regulatory privacy protections, confidential business or financial information, information regarding confidential business practices, or other confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Specifically, this action is likely to involve the production of business records which contain Personally Identifiable Information ("PII") and Protected Health Information ("PHI") of non-party patients, insureds, and beneficiaries, including names, addresses, birth dates, telephone numbers, social security numbers, health plan beneficiary numbers, Health Identification Code ("HIC") Numbers, claim numbers, policy numbers, certificate/license numbers, vehicle identifiers and serial numbers, license plate numbers, biometric identifiers, full face photographic images and any comparable images, medical treatment records, medical payment records, and other individually identifiable health information. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

/ / /

/ / /

**STIPULATED PROTECTIVE ORDER**

2. DEFINITIONS

    2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2    "Confidential Material": information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

Confidential Material is limited to:

(a) information regarding individuals subject to the standards for Privacy of Individually Identifiable Health Information promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), or other similar statutory or regulatory privacy protections; and

(b) information that has been maintained in a confidential, non-public manner and that constitutes protectable trade secrets as defined by the Uniform Trade Secrets Act, Cal. Civ. Code § 3426.1, or similarly protected, proprietary, non-public financial, technical, or commercial information.

(c) information subject to protection under California's Insurance Information and Privacy Protection Act (California Insurance Code § 791 to § 791.29), or other similar statutory or regulatory privacy protections; and

(d) information entitled to confidential treatment under existing California law, including personal or private information implicated by *Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal. 4th 1 and *Griffith v. State Farm Mut. Auto. Ins. Co.* (1991) 230 Cal. App. 3d 59, and information protected by the constitutional right of privacy established in Article 1, Section 1 of the California Constitution.

    2.3    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

/ / /

- 4 -
**STIPULATED PROTECTIVE ORDER**

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     House Counsel: attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this Action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

///

**STIPULATED PROTECTIVE ORDER**

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Confidential Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING CONFIDENTIAL MATERIAL</u>

   5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection

1  only those parts of material, documents, items, or oral or written communications that
2  qualify – so that other portions of the material, documents, items, or communications for
3  which protection is not warranted are not swept unjustifiably within the ambit of this
4  Order.

5  Mass, indiscriminate, or routinized designations are prohibited. Designations that
6  are shown to be clearly unjustified or that have been made for an improper purpose
7  (e.g., to unnecessarily encumber the case development process or to impose
8  unnecessary expenses and burdens on other parties) may expose the Designating Party
9  to sanctions.

10  If it comes to a Designating Party's attention that information or items that it
11  designated for protection do not qualify for protection, that Designating Party must
12  promptly notify all other Parties that it is withdrawing the inapplicable designation.

13  5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in
14  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
15  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under
16  this Order must be clearly so designated before the material is disclosed or produced.

17  Designation in conformity with this Order requires:

18  (a) for information in documentary form (e.g., paper or electronic
19  documents, but excluding transcripts of depositions or other pretrial or trial proceedings),
20  that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page
21  that contains Confidential Material.  If only a portion or portions of the material on a page
22  qualifies for protection, the Producing Party also must clearly identify the protected
23  portion(s) (e.g., by making appropriate markings in the margins).  A Party or Non-Party
24  that makes original documents available for inspection need not designate them for
25  protection until after the inspecting Party has indicated which documents it would like
26  copied and produced.  During the inspection and before the designation, all of the
27  material made available for inspection shall be deemed "CONFIDENTIAL."  After the
28  inspecting Party has identified the documents it wants copied and produced, the

Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Confidential Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL".

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>.

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each

**STIPULATED PROTECTIVE ORDER**

challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3    <u>Judicial Intervention</u>.

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall have 21 days from the date the Challenging Party advises in writing that the parties' meet and confer process has reached an impasse to file a motion with the Court to maintain the confidentiality designation (a "Motion to Maintain Confidentiality"). Any Motion to Maintain Confidentiality must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph 6.2. If the Designating Party fails to file a Motion to Maintain Confidentiality within the 21-day period, the confidentiality designation shall be automatically waived, and the material shall no longer be treated as Confidential Material.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation (including by failing to timely file a Motion to Maintain Confidentiality as set forth above), all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing

Party's designation until the Court rules on the challenge or the time to file the motion has expired.

7.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    7.1  Basic Principles. A Receiving Party may use Confidential Material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting, defending, or attempting to settle this action.  Such Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Confidential Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this action;

    (b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this action;

    (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)  the court and its personnel;

    (e)  court reporters, deposition videographers and their staff;

    (f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  (g) during their depositions, or in preparation for their depositions or trial, witnesses in the action to whom disclosure is reasonably necessary. Nothing herein shall prevent counsel from showing a document designated "CONFIDENTIAL" to a witness during a deposition, provided that the witness may not retain a copy of the document. Witnesses shall not be required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to or during their deposition, provided that the witness is advised on the record that the material is subject to this Protective Order. The portion of the deposition transcript where the Confidential Material is discussed shall be designated as "CONFIDENTIAL."

  (h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

  (i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

  7.3 Use of Litigation Technology and Support Services. The parties agree that Outside Counsel of Record and other persons authorized under this Order may use third-party practice management software, cloud-based storage, and other software, tools, and ancillary support services (collectively "Litigation Support Systems") for storing, reviewing, analyzing, and managing Confidential Material. The use of such Litigation Support Systems for purposes of this litigation shall not, in itself, be considered a disclosure or breach of this Stipulated Protective Order, provided that counsel takes reasonable measures to ensure any such Litigation Support Systems maintain the confidentiality and security of the Confidential Material consistent with this Order and counsel's professional obligations.

8. <u>CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S CONFIDENTIAL MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Any information that may be produced by a Nonparty in this Action (pursuant to subpoena or otherwise) may be designated by such Nonparty as "CONFIDENTIAL" under the terms of this Stipulated Protective Order, and any such designation by a Nonparty shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned parties to the litigation. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**STIPULATED PROTECTIVE ORDER**

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Confidential Material.

10. <u>UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

GORDON REES SCULLY MANSUKHANI, LLP
315 PACIFIC AVENUE, SAN FRANCISCO, CA 94111

such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court. Accordingly, it is ordered that, pursuant to Federal Rule of Evidence 502(d), the inadvertent production of any document or information subject to the attorney-client privilege, work product protection, or any other applicable privilege shall not be deemed a waiver of that privilege or protection in this case or in any other federal or state proceeding.

12.   **MISCELLANEOUS**

12.1   **Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   **Right to Assert Other Objections**.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   **Filing Confidential Material**.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party

may not file in the public record in this action any Confidential Material. A Party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 141 and the Court's pretrial scheduling order. However, if a Receiving Party intends to file Confidential Material, it shall provisionally lodge the material with the Court or file a "Notice of Request to Seal" pursuant to Local Rule 141. The Designating Party shall thereafter bear the burden of filing a "Request to Seal" setting forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information within three (3) court days of the Receiving Party's notice or lodging. If the Designating Party fails to timely file a Request to Seal, the Receiving Party may file the material in the public record, or if already lodged, the material shall be unsealed. Confidential Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Material at issue. Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Confidential Material under seal pursuant to Civil Local Rule 141(b) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 141(e) unless otherwise instructed by the court.

13.   **FINAL DISPOSITION**

After the final disposition of this action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Confidential Material to the Producing Party or destroy such material. As used in this subdivision, "all Confidential Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Material. Whether the Confidential Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Confidential Material that was returned or destroyed and (2)

**STIPULATED PROTECTIVE ORDER**

affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material. Any such archival copies that contain or constitute Confidential Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  December 16, 2025         GORDON REES SCULLY MANSUKHANI, LLP


By  /s/ Adelle Greenfield
    Jordan S. Altura
    Adelle Greenfield
Attorneys for Defendants
GEICO GENERAL INSURANCE COMPANY


Dated:  December 16, 2025         LAW OFFICES OF STEVEN B. SIMON


By  /s/ Alan Fassonaki
    Alan Fassonaki, Esq.
Attorneys for Plaintiff
DAMERON HOSPITAL ASSOCIATION

**ORDER**

GOOD CAUSE APPEARING, the Court hereby approves this Stipulated Protective Order.

Dated: December 17, 2025

HON. ALLISON CLAIRE
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *Dameron Hospital Association v. GEICO General Insurance Company,* Case No. 2:24-cv-01379-DJC-AC.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Signature: _____

Printed Name: _____

Date: _____

City and State where sworn and signed: _____

**STIPULATED PROTECTIVE ORDER**