**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAMERON HOSPITAL ASSOCIATION, a California Non–Profit Association,<br><br>Plaintiff,<br><br>v.<br><br>GEICO GENERAL INSURANCE COMPANY, a Nebraska Corporation,<br><br>Defendant. | Case No. 2:24-cv-01379-DJC-AC (Lead Case; Consolidated with Case No. 2:24-cv-00934-DJC-AC)<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO SEAL AND REDACT EXHIBITS TO JOINT STIPULATION OF UNDISPUTED FACTS** |
| DAMERON HOSPITAL ASSOCIATION, a California Non–Profit Association,<br><br>Plaintiff,<br><br>v.<br><br>GEICO INDEMNITY COMPANY, a Maryland Corporation,<br><br>Defendant. | |

This matter comes before the Court on the Unopposed Motion to Seal and Redact Exhibits to Joint Stipulation of Undisputed Facts (the "Motion") submitted by Defendants GEICO Indemnity Company and GEICO General Insurance Company (collectively, "GEICO") pursuant to Local Rules 140 and 141 and Federal Rules of Civil Procedure 5.2 and 26(c). Plaintiff Dameron Hospital Association ("Dameron") does not oppose the Motion. GEICO filed a Notice of Motion in the publicly available case file and submitted to the Court the Motion, a proposed order, and the 236 consecutively paginated pages covered by the Motion.

The Court has considered the Motion and the submitted documents. Because the exhibits are offered in connection with the Parties' motions for summary judgment or summary adjudication, GEICO must show compelling reasons for sealing that outweigh the public's interest in access, and the Court must articulate the factual basis for its ruling. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). The Court finds that GEICO has made the required showing.

First, the exhibits identify the five non-party patients at issue, as well as other non-party patients, by full name, together with their diagnoses, treatment, billing information, health-coverage status, and other personal information. The patients are not parties, their identities are not at issue, and the Joint Stipulation refers to each of them only by initials. The patients' interest in the privacy of their medical and financial information, which federal and California law protect, is a compelling reason that outweighs the public's interest in disclosure of their identities. *See* 45 C.F.R. §§ 164.512(e), 164.514(b)(2); Cal. Civ. Code § 56.10. Redacting patient-identifying information is the least restrictive means of protecting that interest because the substance of the records will remain in the public record.

Second, the GEICO insurance policies contain confidential and proprietary business information, including GEICO's policy forms, coverage structure, and the

specific coverages, limits, and premium information selected for each insured, the disclosure of which could harm GEICO's competitive standing. *See Kamakana*, 447 F.3d at 1179; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The policies also contain personal information of the non-party insureds. The policy provisions material to the parties' motions for summary judgment or summary adjudication are quoted verbatim in the publicly filed Joint Stipulation, so sealing the policies will not impair the public's understanding of the proceedings.

Accordingly, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** as follows:

1. The following documents, identified by the page numbers assigned in GEICO's submission, shall be filed **UNDER SEAL** in their entirety:

- Exhibit 1, Submitted Pages 1–44: Automobile insurance policy issued to A.G. by GEICO Indemnity Company (policy no. ending 5446), Bates Nos. GEICO-AG_000001–000044.
- Exhibit 7, Submitted Pages 45–86: Automobile insurance policy issued to M.A. by GEICO Indemnity Company (policy no. ending 8892), Bates Nos. GEICO-MA_000001–000042.
- Exhibit 12, Submitted Pages 87–119: Automobile insurance policy issued to X.K. by GEICO General Insurance Company (policy no. ending 3147), Bates Nos. GEICO-XK_000001–000033.
- Exhibit 19, Submitted Pages 120–151: Automobile insurance policy issued to D.S. by GEICO General Insurance Company (policy no. ending 2928), Bates Nos. GEICO-DS_000001–000032.
- Exhibit 25, Submitted Pages 152–194: Motorcycle insurance policy issued to J.M. by GEICO Indemnity Company (policy no. ending

8355), Bates Nos. GEICO-JM_000001–000043.

2. GEICO is authorized to file in the publicly available case file redacted versions of Exhibits 2–6, 8–11, 13–18, 20–24, and 26–28 to the Joint Stipulation (Submitted Pages 195–236), in which the name of each patient identified in the exhibits, and the following other patient-identifying information, are redacted: signatures, initials, patient identification labels, addresses, telephone numbers, dates of birth, Social Security numbers, medical record and account numbers, and health-plan beneficiary numbers. GEICO shall also redact any personal data identifiers required by Local Rule 140(a). No other redactions are authorized. *See* L.R. 140(b).

3. Access to the sealed documents shall be limited to the Court, authorized court personnel, and counsel of record for the Parties, including their staff and retained experts bound by the Stipulated Protective Order entered in this action.

4. Unless otherwise ordered by the Court, the sealed documents shall remain under seal indefinitely, and the redactions authorized by this Order shall remain in place permanently.

5. Counsel for GEICO shall submit the documents covered by this Order to the Clerk for filing under seal in the manner prescribed by Local Rule 141(e)(2)(i), and shall file the redacted versions of the exhibits described in Paragraph 2 in the publicly available case file within three (3) court days of the date of this Order.

6. Pursuant to Local Rule 141(d) and (e), this Order shall be filed in the

publicly available case file, and the Clerk shall file the Motion and proposed order under seal.

**IT IS SO ORDERED.**

Dated: October 30, 2026

/s/ Daniel J. Calabretta

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE